# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES CNG DELGLYN, <br><br> Plaintiff, <br><br> v. <br><br> JAMES M. PECK, *doing business as* TRANSUNION LLC, <br><br> Defendant. | Case No. 18-CV-1076-JPS <br><br> **ORDER** |

Plaintiff alleges that Defendant James M. Peck ("Peck") violated his rights pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Wisconsin Consumer Act, Wis. Stat. § 421.101 *et seq.* ("WCA"). (Docket #7-2). Plaintiff originally filed this lawsuit in Milwaukee County small claims court, and the amended complaint he filed in that court was removed to this Court on August 6, 2018. *Id.* at 2; (Docket #7). Plaintiff names Peck as "James M. Peck, DBA CEO TRANSUNION LLC." (Docket #7-2 at 2). Plaintiff alleges the following:

> Pursuant to § 609(2)(e) of the FAIR REPORTING CREDIT ACT (FRCA), The Wisconsin Consumer Act Chapters 421 through 429 and Wisconsin Statute 100.54; TRANSUNION enumerated disputed <u>unverified</u> reported information. I demanded that it be removed and or deleted immediately and sent TRANSUNION LLC three (3) Notices of Dispute and one (1) Notice of Intent to Sue. TRANSUNION LLC has failed to comply with the FAIR CREDIT REPORTING ACT (FCRA) and has refused to provide me with copies of any verification. By failing to comply with the (FCRA), TRANSUNION caused me injury which must be redressed. I am seeking the maximum allowed under Wisconsin State Small Claims Law. Please see the attached documents.

*Id.* at 3. Plaintiff attached various documents to the amended complaint. The first is a "Notice of Intent to Sue," which demands that Peck send him certain documents and that certain "unverified" accounts be removed from his credit report. *Id.* at 5–6. The other documents are a letter from TransUnion and what appear to be printouts of a portion of Plaintiff's credit

report. *Id.* at 7–14. The accounts Plaintiff wants to dispute are identified by name, but he does not say why he wants to dispute them. *See generally id.*

On August 14, 2018, Peck filed a motion for judgment on the pleadings. (Docket #11). Peck first argues that, as CEO of TransUnion, he had no personal role in the credit reporting activity of which Plaintiff complains. Thus, Peck himself could not be liable for that conduct. Even if Plaintiff had sued TransUnion itself, Peck maintains that the complaint fails to state any viable claims for relief. Plaintiff has not alleged any particular inaccuracy on his credit report, as required for a cause of action under the FCRA. *Johnson v. Trans Union, LLC*, 524 F. App'x 268, 270 (7th Cir. 2013). Further, Peck contends that Plaintiff is not entitled to the documents he sought in his "Notice of Intent to Sue." Finally, Peck asserts that neither he nor TransUnion are "merchants" as defined by the WCA, and therefore cannot be liable for any violations of that statute. Wis. Stat. § 421.301(25). Additionally, to the extent they could be considered "merchants," a claim about credit reporting inaccuracy is preempted by the FCRA. 15 U.S.C. § 1681t; *Parent v. CitiBank (South Dakota) N.A.*, No. 09-C-951, 2010 WL 2425943, at *5–6 (E.D. Wis. June 11, 2010).

Plaintiff filed a two-page response to Peck's motion on September 12, 2018. (Docket #16). Plaintiff first suggests that he has sued TransUnion directly, not Peck. He makes further vague statements regarding Peck's (or TransUnion's) failure to provide him with documents supporting the accuracy of the information contained in his credit report. Like his amended complaint, Plaintiff's response contains no specifics on whether the information reported was inaccurate and why.

The Court agrees with Peck's arguments, and Plaintiff's response does nothing to upset that conclusion. TransUnion, and not Peck, is the

proper target of Plaintiff's lawsuit. Plaintiff has also failed to allege basic facts supporting both his FCRA and WCA claims. Finally, Plaintiff's WCA claim is preempted by the FCRA.

Defendant's submissions suggest that the Court should therefore dismiss this case with prejudice and without granting Plaintiff leave to amend. The Court disagrees that this is the appropriate course. The Seventh Circuit has strongly emphasized that leave to amend should be given after a first motion to dismiss is granted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). This is particularly important when dealing with a *pro se* litigant. The Court will, therefore, give Plaintiff one final opportunity to present a viable complaint.

Plaintiff should note that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). Along with this Order, the Court is providing Plaintiff a copy of the civil complaint form utilized in this District. His second amended complaint should be written or typed on the form. Plaintiff must submit his second amended complaint on or before **November 9, 2018**, or this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for judgment on the pleadings (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's first amended complaint (Docket #7-2) be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint in accordance with the terms of this Order on or before **November 9, 2018**.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge