# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES CNG DELGLYN,

     Plaintiff,

v.

JAMES M. PECK, *doing business as* TRANSUNION LLC,

     Defendant.

Case No. 18-CV-1076-JPS

**ORDER**

  Plaintiff alleges that Defendant James M. Peck ("Peck") violated his rights pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), by failing to remove certain disputed items from his credit report. (Docket #22). On October 19, 2018, the Court granted Defendant's motion for judgment on the pleadings with respect to Plaintiff's first amended complaint. (Docket #21). It did so for two reasons. First, Peck is not an appropriate defendant because he is merely TransUnion's CEO. *Id.* at 2. Plaintiff should have sued TransUnion directly. *Id.* Second, Plaintiff failed to state a viable claim for relief under the FCRA, because he did not allege any particular inaccuracies in his credit report. *Id.*

  In light of Plaintiff's *pro se* status, the Court allowed him one final opportunity amend his complaint. *Id.* at 3. Though Plaintiff did file a second amended complaint, he ignored the Court's instructions. The second amended complaint still names Peck as the defendant and still fails to cite any specific inaccuracies in Plaintiff's credit report. (Docket #22 at 2–3). Defendant moved to dismiss the second amended complaint on November 19, 2018. (Docket #24). Defendant asserts, and the Court agrees, that the

second amended complaint did not cure the fatal flaws of the first amended complaint.

Plaintiff's response to Defendant's motion does not change this result. The response mentions rules of evidence, jurisdiction, and Plaintiff's attempts to obtain documents from TransUnion. (Docket #26 at 1–2). None of these has anything to do with whether Defendant's motion to dismiss—which challenges the legal, not factual, sufficiency of a case—should be granted. The Court must, therefore, grant Defendant's motion to dismiss. Having already been given a chance to amend his pleadings, Plaintiff need not be afforded any further opportunities. This action will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #24) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of December, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge